

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

WILLIE MARTIN, )
)
)
      Plaintiff, )   NO. 03 C 8426
)
v. )   MAG. JUDGE MORTON DENLOW
)   Judge Presiding
MARK WARNER, )
THOMAS COFFEY, )
SALVADOR GARCIA and )
ROY HUMPHREY, )
)
      Defendants. )

## AGREED QUALIFIED PROTECTIVE ORDER

Pursuant to Fed.R.Civ.P. 26(c) and 45 C.F.R. §§ 160 & 164, the parties to this action, by and through their respective counsel, have represented to the court and the court finds:

A. The following words and terms are defined for purposes of this agreed, qualified protective order:

1. "Signatories" shall mean plaintiff WILLIE MARTIN, the individual defendant Chicago police officers, Mark Warner, Thomas Coffey, Salvador Garcia and Roy Humphrey and any additional party that this court may subsequently recognize as subject to this qualified protective order, and their attorneys.

2. "HIPAA" shall mean the Health Insurance Portability and Accountability Act of 1996.

3. "Privacy Standards" shall mean the Standards for Privacy of Individually Identifiable Health Information. *See* 45 C.F.R. §§ 160 & 164 (2000).

4. "PHI" shall mean protected health information, as that term is used in HIPAA and the Privacy Standards. "PHI" includes, but is not limited to, health information,

including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual; (b) the provision of care to an individual; or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

5. "Confidential Matter" shall mean employment, disciplinary, investigatory, financial, or other information that is of a sensitive or non-public nature regarding plaintiff, defendants, non-party witnesses and non-party employees of the City of Chicago that may be subject to discovery in this action. "Confidential matter" includes, but is not limited to, files generated by the investigation of complaints of misconduct by Chicago police officers (generally referred to as "Complaint Register" files). The designation of material as "Confidential Matter" does not create any presumption for or against that treatment.

B. This order governs all discovery related to the exchange or dissemination of information or the production of documents designated as PHI and/or Confidential Matter.

C. The Signatories are familiar with HIPAA and the Privacy Standards.

D. The Signatories recognize that it may be necessary during the course of this proceeding to produce, disclose, receive, obtain, subpoena, and/or transmit PHI of parties and non-parties to or from other parties and non-parties.

E. The Signatories agree to the following terms and conditions:

1. The Signatories agree to assist each other in the release of PHI by waiving all notice requirements that would otherwise be necessary.

2. The Signatories either seek or agree to the release of PHI specifically for, but not limited to, the following person, from the covered entity or entities identified in interrogatory answers, supplementary disclosures, deposition testimony, or other discovery tools:

**WILLIE MARTIN**

3. The Signatories agree not to use or disclose the PHI and Confidential Matter released in this proceeding for any other purpose or in any other proceeding.

2

4. The Signatories agree to store all PHI while it is in their possession according to the Privacy Standards.

5. The Signatories agree at the termination of this proceeding to return all PHI obtained during the course of this proceeding to the attorney representing the person whose PHI was released during the course of this proceeding, and/or to dispose of any PHI retained thereafter pursuant to the Privacy Standards. The Signatories further agree that all Confidential Matter produced during the course of this proceeding shall be returned to the producing party within sixty (60) days of the final termination of this action.

6. The individual pages of each document designated as Confidential Matter shall bear the following designation, or equivalent:

CONFIDENTIAL: DOCUMENT PRODUCED PURSUANT
TO PROTECTIVE ORDER ENTERED IN 03 C 8426

No document containing the "Confidential" stamp or any identifying number shall be copied in whole or in part without the "Confidential" designation and the identifying number appearing on the copy.

7. Before disclosing PHI or any information containing or reflecting PHI, and/or Confidential Matter, to any persons involved in the litigation, including but not limited to counsel, co-counsel, counsel's staff, or expert or consulting expert witnesses retained in connection with the litigation, counsel will be responsible for informing each such person that the PHI or documents and information containing or reflecting PHI and/or the Confidential Matter to be disclosed, are confidential, to be held in confidence, and are to be used solely for the purpose of preparing for this litigation, and that these restrictions are imposed by Court order.

8. To the extent that a party believes it has a right to redact information, it may redact such information, provided that if a party redacts information from any confidential matter and the face of the document itself does not make clear and obvious the nature of the information redacted, the party shall provide in writing a specific category of information redacted (for example, social security number).

9. By this protective order, the discovering party does not waive its right to make application to the court, with reasonable notice to the responding party and other parties to the litigation, for a determination that any Confidential Matter produced by responding party does not contain sensitive and confidential information, or that in the circumstances the information should be released from the provisions of this protective order, with the burden on the party attempting to designate material as confidential matter. If disputes arise concerning the propriety of designating particular documents as confidential, whether certain documents or information should be released from the provisions of this protective order, or concerning any other matter relating to the application of this order, counsel shall attempt to resolve these disputes by agreement before asking the court to resolve these disputes pursuant to the applicable Federal Rules of Civil Procedure. The parties agree that the standard relevant to this determination is that of "good cause" under Rule 26(c).

10. Nothing in this protective order shall be deemed a waiver of the right of any party to object to a request for discovery on the basis of relevance, materiality, privilege, overbreadth, or any other recognized objection to discovery.

11. This protective order may be modified by further written stipulation signed by counsel of record and/or by further order of this Court upon application to the Court with notice.

ENTERED: _Morton Denlow_

DATE: April 14, 2005

_____
JONATHAN CLARK GREEN
Attorney for Defendants Mark Warner, Thomas Coffey, Salvador Garcia and Roy Humphrey

_____
STEPHEN KARL LARMORE
Attorney for Plaintiff Willie Martin

4